## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) WILLANA G. TURNER ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| (2) THE CITY OF TULSA ) | JURY TRIAL DEMANDED |
| STATE OF OKLAHOMA ) | ATTORNEY LIEN CLAIMED |
| ) | |
| **Defendant** ) | |

## COMPLAINT

Plaintiff, Willana Geneva Turner, also known as Dr. Lana Turner-Addison, for her cause of action against the City of Tulsa, State of Oklahoma (CITY), alleges and states as follows:

### Preliminary Statement

1. This is an action for violation of Title VII of the Civil Rights Act of 1964, as amended. (42 U.S.C. §§ 2000e)  Plaintiff asserts that the Defendant, the City, interfered with her rights under the Civil Rights Act of 1964 as amended.

### Jurisdiction

2. This Court has jurisdiction over Plaintiff's federal claims under the provision of 28 U.S.C. §§ 1331 and 1343(3).

## Parties

3. Plaintiff is a citizen and resident of Tulsa County, State of Oklahoma, and resides in this judicial district.

4. Defendant is a municipal corporation with its principal place of business located in Tulsa County, State of Oklahoma and is located in this judicial district.

5. Defendant, The City of Tulsa, Oklahoma ("City") is a municipal corporation and body politic organized under the laws of the State of Oklahoma and is authorized to sue and be sued within this judicial district.

6. Defendant has employed fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the preceding calendar year. Defendant was at all relevant times herein an employer within the meaning of the Civil Rights Act of 1964, as amended.

## Procedural Requirements

**7.** Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission. The charge of discrimination was filed within three hundred (300) days after the unlawful employment practice occurred. Plaintiff received her Notice of Rights to Sue Letter and has commenced this action within ninety (90) days.

## Factual Background

8. Plaintiff was employed by the defendant as the Director of the defendant's Human Rights Department on March 5, 2007.

9. In 2005 Plaintiff was elected, by the general public, in a city wide election to the Tulsa Public School Board and has remained a member of the Tulsa Public School Board through the filing of this action.

10. Plaintiff is an African American female.

11. Throughout the tenure of her employment with defendant, Plaintiff performed all of the requirements of her assigned position.

12. Throughout the tenure of her employment with the defendant, Plaintiff received merit increases in her compensation based on her performance.

13. Throughout the majority of her tenure as an employee of the defendant, Plaintiff's immediate supervisor was Jim Twombly, Director of Administration for the defendant.

14. On September 7, 2010 Plaintiff filed a grievance against the treatment she was receiving from her supervisor, James Twombly.  The basis for the complaint against her immediate supervisor was hostile work environment and discrimination based on gender and race.

15. As required by defendants policies in effect at the time, Plaintiff filed her internal charge of discrimination with the defendants Human Resource Department.

16. The investigation conducted by the defendant's Human Resource Department was incomplete and poor in quality and substance.

17. On February 25, 2011, without warning the Plaintiff was called into her supervisors, Jim Twombly's office and advised that she was being suspended for a one week period without pay.

18. No written explanation was given regarding the reason for the disciplinary action being taken against Plaintiff by defendant.

19. Although being told on Friday February 25, 2011, that she was being suspended for five (5) work days without pay as discipline, Plaintiff did not serve the five day suspension until the work week of March 7 through March 11, 2011.

20. Even after the uncalled for and unjust suspension in March 2011, Plaintiff was rated proficient in her job performance by her supervisor and to received increases in compensation.

21. In May 2012 the defendant's Internal Auditing Department completed and published a "Human Rights Administration, Compliance Monitoring, and Investigation" which was a full and complete audit of the Plaintiff's department which she was charged with administrating.

22. Based on the report issued by the defendant's Internal Auditing Department, there were no findings of wrong doing by Plaintiff or the department with which she was charged with administrating.

23. On June 28, 2012, Plaintiff was again called into her supervisor's office and placed on a paid administrative leave of absence without warning and without cause for the sole purpose of defendant trying to find reasons to terminate Plaintiff.

24. While on administrative leave, Plaintiff was forbidden from entering any City of Tulsa facilities and forbidden from talking with any employee of the defendant who had worked in the department supervised by Plaintiff.

25. On August 30, 2012, Plaintiff was required to return to the defendant's place of employment to meet with Dwain E. Midget.

26. Dwain E. Midget is an African American male.

27. The day prior to Plaintiffs termination from employment her immediate supervisor was changed from a white male to an African American male namely Dwain E. Midget.

28. On August 30, 2012, Plaintiff was told by Dwain E. Midget, that she was terminated effective August 31, 2012.

29. The person who told plaintiff she was discharged had never been in a position to evaluate her work performance.

## Statement of Claims
## Discrimination Prohibited by Title VII of the Civil Rights Act

30. During her employment, plaintiff was subject to insensitive comments concerning race and gender directed to her in derogatory manner. These

unwelcome, insensitive and derogatory remarks were discriminatory against the plaintiff and created a hostile work environment prohibited by law.

31. Defendant terminated plaintiff based on institutional racism and discrimination.

## Intentional Infliction of Emotional Distress

32. The defendant's actions throughout the relevant period were both intentional, reckless and were of an extreme and outrageous nature.

33. Plaintiff suffered and experienced severe emotional distress because of the defendant's conduct and actions.

## Damages

34. As a result of the aforementioned violations, defendant caused injury to Plaintiff, causing actual and consequential damages.  The acts of the defendant were intentional, reckless and done without regard to the rights of the Plaintiff. Plaintiff is entitled to damages in the form of back pay, front pay, consequential damages including but not limited to emotional distress damages, punitive and liquidated damages.

Wherefore, Plaintiff prays for judgment over and against the defendant for actual, consequential, liquidated, and punitive damages in an amount in excess of $75,000.00 and for all costs and attorney fees, statutory interest and any other relief the Court determines just and proper.

        Respectfully submitted,

        **ANDREW & WILLIAMS**
        A Professional Corporation
        2120 East 15th Street
        Tulsa, Oklahoma 74104-4646
        Telephone: (918) 583-1111
        Facsimile: (918) 587-4414

By:   s/Stephen L. Andrew
       Stephen L. Andrew, OBA #294
       Steve@awilaw.com
       Renee Williams, OBA #13061
       Renee@awilaw.com

       **ATTORNEYS FOR THE PLAINTIFF**